**Thernell SMITH, Plaintiff–Appellant,**

v.

**D. YANDO, Supervisor at Clinton Corr. Facility, P. Mintzner, Correctional Officer Clinton Corr. Facility, Correctional Facility, and other unknown employees of Clinton Correctional Facility and/or New York State Docs, L. Duquette, Correctional Officer, Clinton Correctional Facility, R. Harnden, Correctional Officer Clinton Corr. Facility, Defendants–Appellees.**

No. 03–225.

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Thernell Smith, Auburn, New York, for Plaintiff–Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General (Eliot Spitzer, Attorney General of New York, Andrea Oser, Assistant Solicitor General, on the brief), Albany, New York, for Defendants–Appellees.

PRESENT: WALKER, Chief Judge, OAKES, and JACOBS, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Smith appeals a June 18, 2003 order (Thomas J. McAvoy, *Judge* ) adopting the magistrate judge's recommendation in its entirety and dismissing Smith's excessive force claims against the defendants-appellees for failure to exhaust administrative remedies. We assume familiarity with the facts and procedural history of this case. Smith does not appeal the district court's earlier decision to dismiss his claims against the supervisory officers, and we therefore do not consider it here.

The state concedes that the district court may have been in error below, as it did not have the benefit of this court's later decisions in *Rodriguez v. Westchester County Jail,* 372 F.3d 485 (2d Cir.2004), *Giano v. Goord,* 380 F.3d 670 (2d Cir. 2004), and *Hemphill v. New York,* 380 F.3d 680 (2d Cir.2004), explaining the exhaustion requirement under the Prison

Litigation Reform Act. We agree with both sides that a remand is necessary so that the district court can consider the application of these decisions in the first instance to Smith's claims.

For the reasons set forth above, the decision of the District Court for the Northern District of New York is hereby VACATED and REMANDED.